For the foregoing reasons, the judgment of the District Court entered on January 6, 2003 will be affirmed.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Francisco Moreno SOSA, a/k/a Franco
Hernandez, Defendant–Appellant.**

No. 02–6711.

United States Court of Appeals,
Fourth Circuit.

Argued: Feb. 25, 2004.

Decided: April 9, 2004.

**ARGUED:** Jessica R. Robinson, Appellate Litigation Program, Georgetown University Law Center, Washington, D.C., for Appellant. Michael Alan Rotker, Criminal Division, United States Department of Justice, Washington, D.C., for Appellee. **ON BRIEF:** Steven H. Goldblatt, Director, Gregory Knapp, Appellate Litigation Program, Georgetown University Law Center, Washington, D.C., for Appellant. Robert J. Conrad, Jr., United States Attorney, Thomas Richard Ascik, Assistant United States Attorney, United States Department of Justice, Washington, D.C., for Appellee.

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

Denied and dismissed by published opinion. Judge WILLIAMS wrote the opinion, in which Judge NIEMEYER and Judge LUTTIG joined.

## OPINION

WILLIAMS, Circuit Judge:

In this case, appellant Francisco Moreno Sosa seeks review of a district court's decision to dismiss as untimely his collateral

attack under 28 U.S.C.A. § 2255 (West 1994) of a federal drug-trafficking conviction. The district court dismissed the § 2255 motion *sua sponte* and without providing prior notice to Sosa. Sosa asserts that this dismissal violates our holding in *Hill v. Braxton,* 277 F.3d 701, 706–07 (4th Cir.2002), and he seeks an order vacating the order of dismissal and remanding the case to the district court so that he may defend the timeliness of his § 2255 motion. Sosa further asserts that, because the district court inappropriately truncated the proceedings below, he should not be required to obtain a certificate of appealability (COA), as required by 28 U.S.C.A. § 2253 (West Supp.2003), to perfect jurisdiction in this court. In the alternative, Sosa invokes our mandamus jurisdiction and seeks a writ compelling the district court to comply with *Hill.* For the reasons that follow, we reject Sosa's invitation to create an exception to the COA requirement of § 2253, we deny his petition for writ of mandamus, and we deny his motion for a COA.[1]

## I.

■ On August 12, 1996, a grand jury sitting in the Western District of North Carolina charged Sosa with one count of conspiring to distribute and to possess with intent to distribute methamphetamine in violation of federal drug laws. Sosa ultimately pleaded guilty, and on August 25, 1997, the district court sentenced Sosa to 280 months imprisonment. Sosa noticed a direct appeal, which we dismissed on July 31, 1998. Sosa did not file a petition for writ of certiorari in the Supreme Court of the United States, and his conviction thus became "final" for the purpose of § 2255's one year statute of limitations on October 29, 1998, 90 days after we entered judgment. *See Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction").

On March 26, 1999, Sosa timely filed his first § 2255 motion to vacate, set aside, or correct his sentence. On February 18, 2000, Sosa moved to withdraw his motion "without prejudice" to his right to "perfect and file one all-inclusive § 2255 petition within [the] one-year statutory period." (J.A. at 201.) The district court granted Sosa's motion and dismissed the underlying § 2255 motion without prejudice on September 21, 2000.

On April 9, 2001, Sosa filed a motion to reduce his sentence pursuant to 18 U.S.C.A. § 3582(c) (West 2000), asserting that the Supreme Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), constituted a clarifying amendment to the Sentencing Guidelines. The district court denied this motion on April 17, 2001, and denied a motion for reconsideration on May 17, 2001. Sosa appealed the denial of § 3582(c)(2) relief, and, on Sosa's motion, we dismissed that appeal on July 27, 2001. *See United States v. Sosa,* No. 01–6752 (4th Cir. July 27, 2001) (Order Dismissing Appeal).

On September 11, 2001, Sosa filed a second motion under § 2255,[2] attacking his

---

1. In accordance with Local Rule 22(a)(1)(B), we characterized Sosa's notice of appeal as a request for a COA and issued a preliminary briefing order directing Sosa to file an informal brief. After Sosa filed his brief, we issued a second briefing order requesting that Sosa and the Govern-ment address the question of whether the COA requirement applies in cases of alleged *Hill* error.

2. Because the district court dismissed Sosa's first § 2255 motion without prejudice and without adjudicating the merits, the second § 2255 motion was not a "second or successive" motion within the meaning of the eighth

conviction on a variety of grounds. On February 7, 2002, the district court, acting *sua sponte* and without providing notice to Sosa, dismissed Sosa's second § 2255 motion on the ground that it was not filed within § 2255's one-year limitations period.

Sosa timely appealed the district court's order of dismissal, arguing that the district court's *sua sponte* dismissal of his § 2255 motion without notice violates our holding in *Hill*, 277 F.3d at 706–07.[3]

## II.

We consider first Sosa's contention that the COA requirement of § 2253(c) does not apply when a disappointed petitioner asserts a violation of our holding in *Hill*. In *Hill*, we held that

> when a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal ... absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles.[4]

277 F.3d at 707. In so holding, we did not discuss whether a COA was required to appeal in such circumstances, and other courts that have imposed this notice requirement also have not squarely addressed the applicability of the COA requirement. *See Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir.2001) (granting a COA without considering whether jurists of reason would find it debatable whether the

motion stated a valid claim of the denial of a constitutional right); *Acosta v. Artuz*, 221 F.3d 117, 119 (2d Cir.2000) (same).

■ Sosa argues that an exception to the COA requirement is justified when a prisoner asserts a violation of *Hill*. An exception is mandated, Sosa contends, because when a district court dismisses without providing *Hill* notice, the district court prematurely ends the litigation, and thus leaves the Court of Appeals with an underdeveloped record from which to determine whether the disappointed petitioner has made the showing necessary to justify a COA. The appellate court is deprived not only of a record as to the merits of the claim, Sosa asserts, but also a record as to factors which might justify equitable tolling of the limitations period for filing a § 2255 motion. Accordingly, under Sosa's view, the appropriate course of action for the Court of Appeals in such circumstances is to forego the COA process, consider whether the district court actually violated *Hill*, and if it has, remand the case so that a more complete record can be developed. In the alternative, Sosa argues that even if a COA is technically required in such circumstances, the Court of Appeals should issue a writ of mandamus requiring the district court to issue *Hill* notice and consider the propriety of equitable tolling before conducting the COA inquiry.

We decline to adopt Sosa's proposed exception to the COA requirement. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a COA is a necessary predicate to any appeal of a final

---

paragraph of § 2255. *Cf. Slack v. McDaniel*, 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

3. We briefly note that the district court's *sua sponte* actions on Sosa's motion came only days after we issued our decision in *Hill*.

4. Although *Hill* involved a petition under 28 U.S.C.A. § 2254 (West Supp.2003), neither party argues that the reasoning of *Hill* does not apply to motions under § 2255.

order in any federal habeas proceeding. *See* 28 U.S.C.A. § 2253. Section 2253(c) imposes this requirement in plain terms and admits of no exceptions:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal *may not be taken* to the court of appeals from—
>
> . . .
>
> (B) the final order in a proceeding under section 2255.

(emphasis added). The plain language of section 2253(c) simply does not and cannot accommodate Sosa's proposed exception. Moreover, even if we were persuaded by Sosa's argument that no-notice dismissals prejudice petitioners in the COA process by denying them the opportunity to develop a record from which they could make a substantial showing as to the denial of a constitutional right, we see little difference in this regard between the dismissal here and other types of procedural dismissals, which (as Sosa candidly admits) are subject to the COA requirement. *See e.g., Hernandez v. Caldwell*, 225 F.3d 435, 437 (4th Cir.2000) (adhering to the COA requirement in a case where habeas petitioner sought review of a district court's dismissal on timeliness grounds). Accordingly, we hold that a disappointed habeas petitioner asserting *Hill* error must obtain a COA pursuant to § 2253(c) and the procedures set forth in our local rules. *See* Loc. R. 22(a).

■ We similarly reject Sosa's suggestion that we should issue a writ of mandamus to a district court whenever a disappointed habeas petitioner asserts a violation of *Hill.* A party seeking mandamus must show that " 'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.' " *In re Ralston Purina Co.*, 726 F.2d 1002, 1004

(4th Cir.1984) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980)). Petitioners, like Sosa, who seek to compel compliance with *Hill* will be able to satisfy these requirements only in the rarest of circumstances. First, there is another adequate means to attain the relief sought—appeal through the normal COA channels. Second, the right to the writ is far from indisputable, because *Hill* leaves open the possibility that district courts could dispense with notice if it is "indisputably clear" that the motion is untimely and cannot be salvaged through tolling. *Hill,* 277 F.3d at 707. Accordingly, we view mandamus as an inappropriate procedural mechanism through which to challenge *Hill* error, and we reject Sosa's petition for a writ of mandamus in this case.

### III.

■ We turn next to the question of whether a COA should issue in this case—*i.e.,* whether Sosa has made a "substantial showing of the denial of a constitutional right" under § 2253(c)(2).[5] Because the district court dismissed Sosa's § 2255 motion on a procedural ground, we will grant a COA only if Sosa can show (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). If Sosa fails to satisfy either of these prongs, we will not grant a COA. *Lyons v. Lee,* 316 F.3d 528, 532 (4th Cir.2003).

As to the district court's procedural ruling dismissing Sosa's motion as time-barred, Sosa does not dispute the correct-

---

**5.** Local Rule 22(a)(1)(B) requires that we consider only Sosa's initial informal brief in making the preliminary COA determination in accordance with 28 U.S.C.A. § 2253(c)(2).

ness of the district court's conclusion that, absent some form of equitable tolling, Sosa's second § 2255 motion was untimely when it was filed on September 11, 2001.[6] Sosa, however, does assert that equitable tolling should apply, or at a minimum, that jurists of reason would find it debatable whether equitable tolling should apply.

■ In *Rouse v. Lee,* we explained that equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." 339 F.3d 238, 246 (4th Cir.2003) (en banc) (quotation marks omitted), *cert. denied,* ⸺ U.S. ⸺, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004) (No. 03–7892). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.*

Sosa offers five reasons why he believes he is entitled to equitable tolling: (i) that he misunderstood that the statute of limitations did not reset after the dismissal of his first § 2255 motion without prejudice; (ii) that he was actively litigating his § 3582(c) motion to reduce his sentence in the period between the dismissal of his first § 2255 motion and the filing of the second; (iii) that the district court did not rule on his motion to withdraw his first § 2255 motion for over seven months; (iv) that "language difficulties" impeded his

ability to comply with the statutory deadline; and (v) that his mental condition justifies equitable tolling.

■ Having considered these proffered bases, we conclude that jurists of reason would not find debatable the conclusion that equitable tolling is not justified here. Sosa's first three contentions are variations on the same theme—that he did not understand how the statute of limitations operated in his case. But, even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling. *See Cross–Bey v. Gammon,* 322 F.3d 1012, 1015 (8th Cir.2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)); *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir.2002) ("[A] petitioner's *own* ignorance or mistake does not warrant equitable tolling . . . ."); *Delaney v. Matesanz,* 264 F.3d 7, 15 (1st Cir.2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000) (same). Stated differently, Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control.

■ Sosa's remaining arguments— that his "language difficulties" and mental disorders justify tolling—are vitiated by Sosa's conduct in seeking collateral review of his conviction. As to alleged "language difficulties," the record flatly refutes the

---

6. The district court tolled the limitations period for the time during which Sosa's first § 2255 motion was pending and found that Sosa's motion was filed a total of 593 days after July 31, 1998, the date that his direct appeal was dismissed and date on which the district court believed Sosa's conviction became "final." (J.A. at 226.) After the district court entered its order, the Supreme Court issued its opinion in *Clay v. United States,*537

U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003), wherein it held that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Id.* at 1075. Thus, Sosa's conviction actually became final on October 29, 1998, and a total of 503 days elapsed prior to Sosa filing his second § 2255 motion.

argument. Not only does Sosa's Presentence Investigation Report (PSR) indicate that Sosa himself considered his English skills to be "excellent," (S.A. at 9), the complexity and lucidity of Sosa's numerous court filings, which all are written in English by Sosa, foreclose any serious contention that Sosa's lack of English proficiency would justify equitable tolling. *See Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir.2002) (noting that record, which included detailed letters written by defendant in English concerning complex legal issues, belied claim that lack of proficiency in English warranted equitable tolling). The record similarly belies Sosa's suggestion that his mental condition (schizoaffective disorder and generalized anxiety disorder) is a basis for tolling. As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity. *See, e.g., Grant v. McDonnell Douglas Corp.,* 163 F.3d 1136, 1138 (9th Cir.1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence"). Sosa has not asserted that his mental condition rises to this level, and in any event, his diligence in seeking to vacate or modify his sentence indicates quite clearly that his is not an extraordinary case.

In sum, Sosa has proffered no reason why we should question the district court's procedural ruling to dismiss his § 2255 motion as time-barred. Because Sosa has not satisfied the procedural prong of the *Slack* test, we need not consider whether jurists of reason would find it debatable whether Sosa's motion states a valid claim of the denial of a constitutional right.

### IV.

For the foregoing reasons, we hold that disappointed habeas petitioners who assert that the district court violated our holding in *Hill* first must obtain a COA in accordance with 28 U.S.C.A. § 2253(c) and our local rules. Having reviewed Sosa's submissions in this case, we find no basis for issuing a writ of mandamus or granting a COA. Accordingly, we deny Sosa's petition for writ of mandamus and dismiss his appeal.

*DENIED and DISMISSED*