GREGORY, Circuit Judge,
dissenting.
Because Farabee has provided sufficient evidence of his mental incapacity, I respectfully dissent. As the majority recognizes, Farabee has been in and out of mental institutions — mostly in — since he was ten. Indeed, he was institutionalized when he (1) committed the offense for which he was convicted, (2) pleaded guilty, *805 and (3) should have prepared and filed his direct appeal. On July 21, 1999, Judge Samuel T. Powell of Virginia’s Ninth Judicial Circuit Court found Farabee Not Guilty by Reason of Insanity. J.A. 28-29. This Order explicitly holds that Farabee “remains under the jurisdiction of this court and shall not be released from custody and inpatient hospitalization without further Order of the court.” J.A. 29. As Virginia admitted at oral argument, this order has not been lifted. Rather, shortly before his plea hearing, Judge Powell apparently found that Farabee was still mentally ill and will remain committed after serving his jail sentence. See Appellant’s Br. at 4, 11 n. 4; Reply Br. at 3, 12.[1] Throughout his commitment Farabee was given powerful anti-psychotic drugs with serious side effects.[2] Moreover, during the time when Farabee should have prepared his subsequent legal papers, he was sent to the prison’s psychiatric unit because he attempted suicide by eating glass and batteries and slitting his wrists.
I do not know what more the majority wants from Mr. Farabee. The majority concedes that mental incapacity may constitute cause to excuse procedural default. Ante at 802 (citing Thomas v. Cunningham, 313 F.2d 934, 937 (4th Cir.1963) and United States v. Sosa, 364 F.3d 507, 512 (4th cir.2004)). The majority, however, finds that “Farabee has not demonstrated that any mental illness actually caused his procedural defaults.” Id. I disagree. Farabee’s procedural problems all arise from his failure to directly appeal his sentence. But during the time he had to file this appeal he was committed to Central State Hospital. Thus, the majority would have us believe Virginia’s extraordinary proposition that a person it deems of insufficiently sound mind to live outside of a mental institution or, for example, transfer title in land, is simultaneously sane enough to properly prosecute appeals.[3]
Next, the majority concludes that Mr. Farabee’s most recent suicide attempt “[a]t most ... establishes that Farabee was in no condition to prepare or file the petition on that date or in the several days before and after that date.” Id. at 803. This, of course, discounts the baseline fact that before, during, and apparently after his suicide attempt Farabee was adjudicated too mentally ill to warrant punishment by a Virginia Circuit Court judge. The majority’s final argument is that Farabee could prosecute his appeals “in important respects.” Ante at 804. But this is textbook bootstrapping: I fail to see why the fact that Farabee filed some procedurally improper briefs counts as evidence that he was sane enough to not excuse filing other procedurally improper briefs.
Virginia cannot be allowed to have it both ways: it cannot keep a man commit *806 ted and simultaneously claim that he is perfectly competent to timely represent himself in appellate proceedings within their courts. Such overreaching is simply a symptom of the sad conflation of prison and involuntary commitment for treatment of mental illness. Virginia essentially keeps Farabee in inescapable no-man’s land, calling him too sane to excuse a procedural error but not sane enough to live outside a mental hospital. I can only conclude that such an approach violates Farabee’s due process rights. Accordingly, I dissent.

. The majority notes that Judge Powell’s 2000 order is not in the record. Ante at n. 2. Yet given the plainly quoted language of the July 21, 1999 order, Virginia squarely shoulders the burden of showing that the order of mental illness has been lifted. It has not, of course, shown this.

. Despite knowing that Farabee was a mental patient, the sentencing judge never once inquired about Farabee’s medications nor noticed the Ninth Judicial Circuit's recent decision to continue Farabee’s commitment. See J.A. 39-51.

. In the majority’s words, the claim is that Farabee could have been kept committed simply because of the possibility that "he would engage in conduct posing a risk of injury to himself or others.” Ante at 802. But a prisoner’s showing of adjudged insanity or involuntary commitment should at least set a strong, but perhaps rebuttable, presumption of "profound mental incapacity.” This would again shift the burden to the state — plainly in a better position than a mental patient — to establish that its ward was somehow simultaneously competent to prosecute appeals but too mentally ill to circulate with society.