**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-6445**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL ORIAKHI,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:92-cr-00283-MJG; 1:05-cv-02317-MJG)

---

Submitted: May 18, 2007                Decided: June 18, 2007

---

Before WILLIAMS and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Daniel Oriakhi, Appellant Pro Se. Robert Reeves Harding, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Oriakhi appeals from the district court's order dismissing his 28 U.S.C. § 2255 (2000) motion as successive. We previously granted a certificate of appealability, and after further briefing, we find that Oriakhi's motion was not successive. Thus, we vacate the district court's order and remand for further proceedings.

In 1992, Daniel Oriakhi was convicted by a jury of conspiracy to distribute heroin and possession with intent to distribute heroin. Oriakhi was sentenced to 300 months imprisonment, and we affirmed his convictions and sentence on direct appeal. United States v. Oriakhi, 57 F.3d 1290 (4th Cir. 1995). On July 9, 1998, Oriakhi filed three documents, which were docketed as a § 2255 motion, a motion to proceed in forma pauperis, and a motion for court records. On August 3, Oriahki resent the documents and requested that an enclosed copy be date stamped and returned to him. He described the documents as a request for court records with "an attached 28 U.S.C. § 2255 form, and a sworn . . . indigent affidavit." These documents do not appear to have been filed separately.

On August 10, the district court entered an order requiring the Government to respond to Oriakhi's § 2255 motion within sixty days. When Oriakhi received this order, he wrote a letter to the court dated August 18, stating that his motions dated

July 2 and August 3 were for release of court records under 28 U.S.C. § 753 (2000). He stated that his motions did "not in any form or fashion represent, a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence, as mis-construed by the court." The district court then directed the Government to answer Oriakhi's motion for court records. The Government promptly filed a response to the motion for court records. However, the Government did not address the § 2255 motion until March 5, 1999, when it filed a motion to dismiss.

On March 11, the district court found that Oriakhi's § 2255 motion was untimely and, therefore, declined to reach the merits of Oriakhi's transcript request. Oriakhi filed a motion for reconsideration, stating that, because he never received any of his requested records, he never filed a § 2255 motion. The district court denied the motion in a margin order. We denied a certificate of appealability and dismissed Oriakhi's appeal. United States v. Oriakhi, No. 99-6513 (4th Cir. Aug. 11, 1999) (unpublished). In 2001 and 2005, Oriakhi filed additional § 2255 motions. These motions were never docketed nor ruled upon.[1]

In 2005, Oriakhi filed a motion for authorization to file a successive § 2255 motion. He sought to raise a claim under United States v. Booker, 543 U.S. 220 (2005). He also claimed that

---

[1] In its brief, the Government appears to state that these motions were denied; however, it provides no evidence to support this assertion and admits that the motions were never docketed.

his first "§ 2255 motion" should not count against him for purposes of restrictions against second or successive motions because he did not intend for the motion to be construed as a § 2255 motion and he was not given notice that the district court intended to recharacterize it or an opportunity to withdraw. He cited to Castro v. United States, 540 U.S. 375 (2003).[2]

In Castro, the Supreme Court held that, before a district court recharacterizes a motion that a pro se federal prisoner has labeled differently as his first § 2255 motion, the court must notify the litigant of the intended recharacterization, warn the litigant of the possible repercussions, and provide the litigant with an opportunity to withdraw or amend the motion. 540 U.S. at 383. If the district court fails to provide the warning, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." Id. Finding that Oriakhi's first § 2255 motion was improperly recharacterized, we denied the motion for authorization as unnecessary, citing Castro and noting that leave from this court was not required for Oriakhi to proceed in district court.[3]

---

[2]We denied a previous motion for authorization filed by Oriakhi in 2001, prior to the decision in Castro.

[3]Oriakhi's 2001 and 2005 § 2255 motions were neither docketed nor considered, and thus, neither counted as Oriakhi's "first" § 2255 motion. See United States v. Sosa, 364 F.3d 507, 509-10 n.2 (4th Cir. 2004).

Oriakhi then filed the instant § 2255 motion in the district court raising two claims: (1) ineffective assistance in failing to properly counsel Oriakhi regarding a plea offer and (2) unconstitutional sentence under Booker. The district court concluded that it was without jurisdiction to consider the motion absent authorization from this court, despite this court's prior ruling that authorization was unnecessary. The district court stated that, after reviewing the record, "it is apparent that Castro has no applicability in this case because none of the Motions to Vacate filed by Petitioner were ever re-characterized by this Court." The court reasoned that this court's erroneous order resulted from overlooking the denial of Oriakhi's previous motion for authorization and from relying on Oriakhi's misleading description of the procedural background of the case. Oriakhi timely appealed. After we granted a certificate of appealability, the Government filed a brief, arguing that Oriakhi's motion was "clearly successive" and that this court was likely "unaware" of the motions filed in this case.

On appeal, Oriakhi challenges the district court's determination that his § 2255 motion was successive. The question is whether Oriakhi's 1998 filings constituted a first § 2255 motion. On the one hand, Oriakhi did file a § 2255 form. On the other hand, Oriakhi repeatedly informed the court that he did not intend his filings to be a § 2255 motion and that he submitted the

- 5 -

form as support for his motion for court records. He explained that he sought the court records in order to file a properly supported § 2255 motion. After a review of the record, we conclude that Oriakhi's first § 2255 motion did not constitute a "first" motion under Castro.

Moreover, we concluded in an identical manner when denying as unnecessary Oriakhi's 2005 motion for authorization to file a successive § 2255 motion. Thus, even if the district court disagreed with our conclusion, it was still bound to apply our holding. See South Atl. Ltd. P'ship v. Riese, 356 F.3d 576, 584 (4th Cir. 2004) (observing that mandate rule forecloses litigation of issues decided by appellate court).

Accordingly, we vacate the district court's order dismissing Oriakhi's motion as successive and remand for further proceedings. We express no opinion on the timeliness or the merits of Oriakhi's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>