**Thai Hong DOAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Criminal Nos. 1:06cr463, 1:06cr525. Civil Nos. 1:08cv958, 1:08cv959.**

United States District Court, E.D. Virginia, Alexandria Division.

Jan. 4, 2011.

Robert Lee Jenkins, Jr., Bynum & Jenkins PLLC, Alexandria, VA, Stephen Descano, for Petitioner.

Thai Hong Doan, pro se.

Kelli Marie Ferry, Office of the U.S. Attorney, Alexandria, VA, for Respondent.

### *MEMORANDUM OPINION*

JAMES C. CACHERIS, District Judge.

With this matter this Court addresses the retroactivity of the Supreme Court's recent decision in *Padilla v. Kentucky*, —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), finding legal counsel *per se* ineffective for failing to advise a client regarding risk of deportation in connection with a guilty plea. The matter is before the Court on Petitioner's Motion to Vacate

under 28 U.S.C. § 2255 [Dkt. 30], and his Supplement to that motion [Dkt. 37]. For the reasons explained below, the Court will deny Petitioner's motions.

## I. Background

Petitioner, a Vietnamese citizen who came to the United States at age two, pled guilty on December 14, 2006, to (1) conspiracy to distribute 500 grams or more of methamphetamine and MDMA and 50 grams or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) possession with the intent to distribute a substance containing MDMA and methamphetamine weighing more than 500 grams, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He was sentenced on March 9, 2007, to 210 months of incarceration. That sentence was reduced on September 14, 2007, to 158 months, following a Government motion under Federal Rule of Criminal Procedure 35(b).

Petitioner filed no direct appeals after his sentencing. Rather, on September 18, 2008, he filed a Motion to Vacate under 28 U.S.C. § 2255 (the "Petition"). The Government responded in opposition on October 3, 2008, arguing that the Petition was barred under 28 U.S.C. § 2255(f)'s one-year limitations period ("2255 Opp."). Petitioner filed a reply on October 16, 2008 ("Reply").

On July 12, 2010, Petitioner filed a Supplement to his Petition, arguing that his claim deserved consideration under the Supreme Court's *Padilla v. Kentucky* decision ("Supplement"). [Dkt. 37.] On December 3, 2010, this Court ordered the Government to reply to this supplement. [Dkt. 38.] The Government filed its Response in Opposition on December 23, 2010 ("Supplement Opp."). [Dkt. 39.] Petitioner's § 2255 Petition and Supplement are before the Court.

## II. Analysis

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426–27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). To prevail on a § 2255 Motion, the petitioner bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958).

28 U.S.C. § 2255(f) imposes a one-year limitations period on § 2255 petitions, which runs from "the date on which the judgment of conviction becomes final." Because Petitioner did not file a direct appeal in this case, his judgment of conviction became final on March 19, 2007, ten days after his sentencing. *See Clay v. United States*, 537 U.S. 522, 524–25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). The statute of limitations therefore ran from that date until March 19, 2008, at which point it expired. Petitioner's motions raise two questions: whether (a) the Supreme Court's *Padilla v. Kentucky* decision should retroactively apply to this case, and (b) the statute of limitations should be equitably tolled. This Court considers each in turn.

### A. *Application of Padilla*

Petitioner asserts in his Supplement that during plea negotiations, his counsel failed to inform him that a guilty plea could result in his deportation, conduct which the Supreme Court held to be *per se* unreasonable in *Padilla*. 130 S.Ct. at 1486. Because Petitioner seeks to invoke *Padilla* after the limitations period

expired in this case, this Court must resolve whether *Padilla* can be applied retroactively.

That analysis must begin with *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See also United States v. Martinez*, 139 F.3d 412 (4th Cir. 1998) (applying *Teague* to both state and federal prisoners). There the Supreme Court laid out the following framework for newly announced rules of criminal procedure: "an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." *Whorton v. Bockting*, 549 U.S. 406, 416, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007). There are only two exceptions by which a "new" rule may apply to cases on collateral review: first, where "it places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe"; and second, where "it requires the observance of those procedures that are implicit in the concept of ordered liberty." *Teague*, 489 U.S. at 311, 109 S.Ct. at 1075–76. Thus, *Padilla* can only apply retroactively if it is an old rule or a new rule subject to an exception.

To determine whether *Padilla* is an old or new rule, this Court must "assay the legal landscape" at the time Petitioner's conviction became final, to determine "whether it would have been objectively unreasonable" for a judge then to have reached a different conclusion than the one reached in *Padilla*. *United States v. Morris*, 429 F.3d 65, 70 (4th Cir.2005) (citing *Beard v. Banks*, 542 U.S. 406, 411, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004), and *O'Dell v. Netherland*, 95 F.3d 1214, 1223–24 (4th Cir.1996), *aff'd* 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997)). This Court need look no farther than the diverging opinions of *Padilla* itself to answer this question. *See Beard*, 542 U.S. at 415,

124 S.Ct. 2504; *O'Dell*, 521 U.S. at 159–60, 117 S.Ct. 1969.

Justices Alito's concurrence, joined by Justice Roberts, not only suggested a different rule than the one adopted by the majority—one that would merely have required that defense counsel inform clients that a conviction may have immigration consequences, without forecasting what those consequences might be—it described the majority's ruling as a "dramatic departure from precedent." 130 S.Ct. at 1488 (Alito, J., concurring). It explained that "[u]ntil today, the longstanding and unanimous position of the federal courts was that reasonable defense counsel generally need only advise a client about the *direct* consequences of a criminal conviction," supporting this claim with citations indicating that "virtually all jurisdictions—including eleven federal circuits, more than thirty states, and the District of Columbia" follow this rule. *Id.* Further, Justices Scalia's dissent, joined by Justice Thomas, would have declined to impose *any* Sixth Amendment obligation to advise a client as to immigration consequences of a guilty plea. *Id.* at 1494–97 (Scalia, J., dissenting). In light of these opinions, this Court cannot find that failing to advise Petitioner as to deportation risk would have been objectively unreasonable at the time his conviction became final. Thus, *Padilla* announced a "new" rule.

The question, then, is whether *Padilla* may be subject to one of the retroactivity exceptions for new rules outlined in *Teague*. Beginning with the exception for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding," *Beard*, 542 U.S. at 416, 124 S.Ct. 2504 (internal quotation marks and citation omitted), *Padilla* did not announce such a rule. The Supreme Court has "repeatedly emphasized the limited scope of [this] ex-

ception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty." *Id.* (internal quotation marks and citation omitted). And it has' explained that "because any qualifying rule would be so central to an accurate determination of innocence or guilt [it is] unlikely [any such rules] have yet to emerge." *Graham v. Collins,* 506 U.S. 461, 478, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) (internal quotation marks and citation omitted).

The typical (and sole) example of such a rule is that of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which ruled that state courts must provide counsel for indigent criminal defendants, and, in doing so, "altered our understanding of the *bedrock procedural elements* essential to the fairness of a proceeding." *Beard,* 542 U.S. at 417–18, 124 S.Ct. 2504 (internal quotation marks and citation omitted). *Padilla* is simply not at that level. "However laudable" a rule requiring that noncitizen defendants be informed of the immigration consequences of plea bargains might be, such a rule "has none of the primacy and centrality of the rule adopted in *Gideon.*" *Beard,* 542 U.S. at 420, 124 S.Ct. 2504 (internal quotation marks and citation omitted).

This Court therefore turns to the next *Teague* exception, which applies where a rule "alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin,* 542 U.S. 348, 353, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). This exception is inapplicable here, as *Padilla* in no way alters the reach of any criminal law.

Thus, this Court will not apply *Padilla* retroactively.

### B. *Additional Limitations Issues*

■ As explained above, Petitioner's § 2255 Petition was filed more than one year after his conviction became final, placing it outside the limitations period. He argues that his claim for ineffective assistance of counsel should not be time barred, however, because his counsel was ineffective "throughout the entire proceedings," including "advising Petitioner not to seek appellate redress prior to the Rule 35 motion." (Reply at 5.) Putting aside the fact that, even if this moved the starting date for the limitations period, the § 2255 petition was still late (the sentence reduction occurred on September 14, 2007, whereas the Petition was filed on September 18, 2007), counsel's advice was not unreasonable.

Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), counsel's representation is ineffective where it falls "below an objective standard of reasonableness," creating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694, 104 S.Ct. 2052. Petitioner's claim here fails at the first step. His counsel's April 17, 2007 letter not only indicates that, during an oral conversation earlier that day, counsel "explained to [Petitioner] the potential negative consequences of pursing an appeal" after waiving the right to a direct appeal and after the time limit for noting an appeal had expired, it also directly reminds Petitioner of the possibility that "you may adversely impact your potential downward departure pursuant to FRCP 35(b)." [Dkt. 77 (No. 1:05cr463), Attachment 2.] These are more than reasonable grounds for advising against appealing before a Rule 35 motion was decided.

■■ Thus, the final inquiry for this Court is whether the statute of limitations

should be equitably tolled in this case. To toll the limitations period under § 2255, Petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his conduct, (3) that prevented him from filing on time." *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir.2004). Petitioner's argument for equitable tolling is difficult to discern; however this Court notes that, despite his incarceration, Petitioner was able to retain counsel while still within the limitations period, and that, again, in his April 17, 2007 letter, Petitioner's counsel stated, "I did share with you the possibility of proceeding with a petition for habeas corpus relief." [Dkt. 77, Attachment 2.] It appears, therefore, that no extraordinary circumstances stood in Petitioner's way from filing his petition on time, and that equitable tolling is not warranted.

### III.   Conclusion

For the reasons explained above, this Court will deny Petitioner's Motion to Vacate and Supplement. An appropriate order will issue.

### *ORDER*

Upon consideration of Petitioner's Supplemental Motion brought pursuant to 28 U.S.C. § 2255[80], raising new arguments as to ineffective assistance of counsel, the Court concludes that additional judicial inquiry is warranted. It is therefore ORDERED that the United States file an answer to the Supplemental Motion within twenty-three (23) days of the date of this Order.

The Clerk of the Court shall forward copies of this Order and the Supplemental Motion [80] to Petitioner and to the United States Attorney for this District.