**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1433**

SEMYYA LANISE CUNNINGHAM,

Petitioner − Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent – Appellee.

Appeal from the United States Tax Court. (Tax Ct. No. 014090-16L)

Argued:  December 5, 2017                      Decided:  January 18, 2018

Before KEENAN, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished opinion.  Judge Diaz wrote the opinion, in which Judge Keenan and Judge Harris joined.

**ARGUED:** Amy Feinberg, HARVARD LAW SCHOOL, Jamaica Plain, Massachusetts, for Appellant.  Janet A. Bradley, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:** T. Keith Fogg, Director, Harvard Federal Tax Clinic, HARVARD LAW SCHOOL, Jamaica Plain, Massachusetts; Carlton M. Smith, New York, New York, for Appellant.  David A. Hubbert, Acting Assistant Attorney General, Joan I. Oppenheimer, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Circuit Judge:

Semyya Lanise Cunningham asks us to reverse the decision of the United States Tax Court (the "Tax Court") dismissing her appeal of a collection due process hearing. The Tax Court concluded that it lacked jurisdiction over Cunningham's petition, which she filed one day after the deadline set forth in 26 U.S.C. § 6330(d)(1). Cunningham urges us to find that the statute's thirty-day time limit is a nonjurisdictional rule and that the doctrine of equitable tolling excuses her untimely filing. The circumstances of this case, however, do not present a situation where equitable tolling is appropriate. We therefore affirm the dismissal.

I.

In October 2015, the Internal Revenue Service (the "IRS") issued Cunningham a final notice of intent to levy unpaid income tax she allegedly owed from 2010, 2011, 2013, and 2014. *See* 26 U.S.C. § 6330(a). After receiving the notice, Cunningham exercised her right to a collection due process hearing before the IRS Office of Appeals. *See id.* § 6330(b). Following the hearing, the IRS sent Cunningham a letter dated May 16, 2016 advising her of its decision. The letter explained the IRS's determination that the levy notice was properly issued and that the proposed levy was appropriate and no more intrusive than necessary. *See id.* § 6330(c)(3). It also advised Cunningham that if she wished to dispute the determination, she "must file a petition with the United States Tax Court within a 30-day period beginning the day after the date of this letter." J.A. 5.

2

Finally, it cautioned that "[t]he law limits the time for filing your petition to the 30-day period mentioned above. The courts cannot consider your case if you file late." *Id.*

On June 16, 2016—thirty-one days after the date of the determination letter—Cunningham mailed a petition to the Tax Court seeking to challenge the IRS's decision.[1] The IRS moved to dismiss Cunningham's petition, arguing that she filed it a day beyond the statutory deadline and thus the Tax Court lacked jurisdiction. *See* 26 U.S.C. § 6330(d)(1). The Tax Court agreed, and granted the government's motion to dismiss. This appeal followed.

## II.

We review the Tax Court's dismissal "on the same basis as decisions in civil bench trials in United States district courts. Questions of law are reviewed de novo, and findings of fact for clear error." *Starnes v. Comm'r.*, 680 F.3d 417, 425 (4th Cir. 2012) (citation omitted).

Cunningham must clear three hurdles for the Tax Court to hear her case. First, the thirty-day time limit in 26 U.S.C. § 6330(d)(1) must be a mandatory claim-processing rule rather than a jurisdictional one. Noncompliance with a jurisdictional time limit can never be excused. *See Hamer v. Neighborhood Housing Servs. of Chicago*, 138 S.Ct. 13, 17 (2017) ("Failure to comply with a jurisdictional time prescription . . . deprives a court

---

[1] For purposes of 26 U.S.C. § 6330(d)(1), a petition is considered timely filed as of the date of its postmark. *See* 26 U.S.C. § 7502(a). There is no dispute that Cunningham's petition was postmarked June 16, 2016. *See* J.A. 10.

of adjudicatory authority over the case, necessitating dismissal—a drastic result.") (internal quotation marks omitted). Mandatory claim-processing rules, on the other hand, are "less stern." *Id.* If properly invoked, they "must be enforced, but they may be waived or forfeited." *Id.*

Next, equitable tolling must apply to untimely appeals under the statute. There is a presumption that equitable tolling is available to litigants, even in cases where the government is a party. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990). But that presumption is a rebuttable one. *See id.* And it is uncertain whether the presumption applies at all outside the context of Article III courts. *See Sebelius v. Auburn Regional Med. Ctr.*, 568 U.S. 145, 158–59 (2013) ("We have never applied the *Irwin* presumption to an agency's internal appeal deadline . . . .").

Finally, even if the time limitation is nonjurisdictional, and even if equitable tolling is generally applicable to the statute, the specific circumstances of Cunningham's appeal must warrant the application of equitable tolling in this particular case. And on this final point we may resolve this appeal. The facts of this case simply do not call for equitable tolling, even if tolling might be available. Cunningham asks us to reopen the Tax Court's door, but her key does not fit its lock. *See Irwin*, 498 U.S. at 96.

Federal courts employ equitable tolling "sparingly," *id.*, and only when a litigant can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 136 S.Ct. 750, 755 (2016) (internal quotation marks omitted). We have said that equitable tolling is appropriate "in those rare instances

4

where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (internal quotation marks omitted).

We find these considerations to be wholly absent here. There is no suggestion of extraordinary circumstances that prevented Cunningham from timely filing her appeal, nor of circumstances external to her own conduct. Cunningham simply points to the language in the IRS's letter, which she claims is misleading and tricked her and other taxpayers into filing late. But we see nothing misleading about it.

The letter informed Cunningham that she had "a 30-day period beginning the day after the date of this letter" to file an appeal. J.A. 5. We think the only reasonable reading of that language requires counting the day after the date of the letter (here, May 17) as "day one," the following day (May 18) as "day two," and so on up to "day thirty"—June 15. Cunningham claims she understood the language in the IRS letter to essentially count May 17 as "day zero," and onward from there, resulting in a cutoff date one day later than the true deadline. Such a method of counting is certainly contrary to the practice set forth in Rule 25(a) of the Tax Court Rules of Practice and Procedure. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[I]gnorance of the law is not a

5

basis for equitable tolling."). We think it is also contrary to the plain language of the IRS letter and to principles of common sense. [2]

The facts presented in this case are similar to those in *Irwin*. There, the plaintiff filed his employment discrimination action after the deadline set forth in 42 U.S.C. § 2000e-16(c), which at the time required that a complaint be filed in federal court within thirty days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission. *See* 498 U.S. at 91. Irwin missed the deadline, but argued that equitable tolling should apply because his attorney was out of the country when the letter was delivered to his office. *Id.* Although the Supreme Court held that the relevant time limit was nonjurisdictional, and that equitable tolling could apply to late claims under the statute, it ultimately denied relief, concluding that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Id.* at 96.

Here, Cunningham's miscalculation of the filing deadline may well have been an innocent mistake. But we have rejected the argument that such mistakes warrant applying the extraordinary doctrine of equitable tolling, lest we "over time consign filing deadlines and limitations periods to advisory status." *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 227 (4th Cir. 2005). "To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship,

---

[2] Cunningham also points out (correctly) that the language in the letter is not identical to the language in the statute. But it need not be, and Cunningham fails to explain why the difference in wording matters. In our view, the language of the letter and the language of the statute are two commonsense ways of expressing the same message.

and subjective notions of fair accommodation." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Because Cunningham's argument for equitable tolling rests on the premise that the language in the IRS's letter was somehow misleading or fraudulent, we can resolve this case on the record before us. We see nothing misleading about the IRS's notice, and certainly nothing to suggest the IRS acted with negligence (or worse). Instead, the error in this case came from Cunningham's own mistake: she either misread (or misunderstood) the IRS's notice, or else simply miscounted the number of days. We find these circumstances a far cry from the "rare instances" that justify equitable tolling, and conclude it would be inappropriate to apply that exceptional doctrine here. *Id.*[3]

III.

For these reasons, the Tax Court's dismissal of the petition in this case is

*AFFIRMED.*

---

[3] Because we find that this case does not warrant equitable tolling, we need not decide whether 26 U.S.C. § 6330(d)(1) is jurisdictional or whether its deadline may ever be equitably tolled. Even if Cunningham were correct on both counts, she would not be entitled to relief for the reasons we have discussed.