**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-1338**

───────────────

AMANDA LITTLE,

        Plaintiff – Appellant,

v.

NORTH CAROLINA DEPARTMENT OF JUSTICE,

        Defendant – Appellee.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. David C. Keesler, Magistrate Judge. (3:22-cv-00029-DCK)

───────────────

Submitted:  January 12, 2024                Decided:  February 21, 2024

───────────────

Before DIAZ, Chief Judge, and KING and HEYTENS, Circuit Judges.

───────────────

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, in which Chief Judge Diaz and Judge King joined.

───────────────

**ON BRIEF:**  Quintin D. Byrd, Q BYRD LAW, Raleigh, North Carolina, for Appellant. Joshua H. Stein, Attorney General, Tamika L. Henderson, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

Suits asserting claims under Title VII or the Americans with Disabilities Act ordinarily must be filed within 90 days of receiving a right to sue letter from the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(f)(1), 12117(a). The issue here is whether that requirement bars Amanda Little's suit against the North Carolina Department of Justice. The district court concluded it did and dismissed Little's complaint. Seeing no reversible error, we affirm.

Little filed a charge with the EEOC alleging that the Department discriminated against her based on sex and disability and retaliated against her for protected conduct. She received a right to sue letter on December 6, 2018. Several months later, Little sued the Department in state court, and the Department removed to federal court. More than a year into the litigation, Little asked the Department to consent to a voluntary dismissal without prejudice, citing health issues she said were preventing her from prosecuting her claims. The Department agreed on the condition Little reimburse it for $680 in mediation costs. Little obliged, and the parties stipulated to a voluntary dismissal without prejudice.

About a year later, Little refiled the same claims in state court, and the Department removed again. The Department then moved to dismiss the complaint, asserting it was untimely because it was filed more than 90 days after Little received her right to sue letter. The district court agreed and granted the motion to dismiss.

On appeal, Little makes three arguments: (1) her second suit is timely because of a North Carolina rule of civil procedure permitting cases voluntarily dismissed without

2

prejudice to be refiled within a year, see N.C.R. Civ. P. 41(a)(1); (2) the Department is equitably estopped from relying on the 90-day deadline because of its actions surrounding her earlier voluntary dismissal; and (3) the district court should have applied equitable tolling to allow her suit to proceed.

As the Department correctly notes, Little's first and second arguments—the North Carolina procedural rule and equitable estoppel—were never raised in the district court.* Little thus may not obtain reversal based on those arguments unless she "establishes fundamental error or a denial of fundamental justice." *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) (quotation marks removed). That bar is an even higher one than the "plain error" standard we apply to forfeited arguments in criminal cases. *Id.* at 285–86. But even when reviewing for plain error, "we consider only whether, at the time of appellate consideration, the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019) (quotation marks removed).

Neither of Little's forfeited arguments meets this high standard. Start with Little's argument for applying North Carolina Rule of Civil Procedure 41(a)(1), which allows "any

---

* Little's reply brief makes a cursory assertion that she preserved her equitable estoppel argument by arguing for equitable tolling in opposing the Department's motion to dismiss. The only authority Little cites for that proposition is an unpublished, out-of-circuit decision that discussed the sufficiency of a complaint in a case where the limitations issues (including any tolling questions) were governed by Tennessee law, not federal law. See *Billingsley v. Doe #1*, No. 21-6023, 2022 WL 4088511, at *4–5 (6th Cir. Sept. 7, 2022). Unlike the *Billingsley* complaint, moreover, Little's complaint did not just neglect to "use the term equitable estoppel"—it made no assertions related to estoppel at all. Compare *id.* at *5 (quotation marks removed), with JA 39–53. Under these circumstances, we conclude Little's filings in the district court failed to preserve an argument about equitable estoppel.

3

claim . . . dismissed without prejudice" to be refiled "within one year after such dismissal." Whether that state court procedural rule should have tolled the federal limitation period is far from a settled question. Little cites no cases in which similar state law provisions have been applied to actions brought under federal statutes in federal court, and there are available counterexamples. See, *e.g.*, *Burnett v. New York Cent. R.R.*, 380 U.S. 424, 432–33 (1965) (rejecting argument that a similar Ohio saving statute applied to suits in federal court). Indeed, this Court has issued unpublished opinions rejecting similar arguments. See *Birch v. Peters*, 25 Fed. Appx. 122, 123 (4th Cir. 2001); *Stokes v. Pullen*, No. 97-1038, 1997 WL 577642, at *1 (4th Cir. Sept. 18, 1997).

Little's efforts to invoke equitable estoppel fare no better. That doctrine applies if "a defendant has misled a plaintiff, causing that plaintiff to delay filing a viable suit until after that suit becomes barred by a statute of limitations." *Caviness v. Derand Res. Corp.*, 983 F.2d 1295, 1302 (4th Cir. 1993). To benefit from equitable estoppel, Little must show "intentional misconduct" that caused her to miss the filing deadline. *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 549 (4th Cir. 2019). But the complaint makes clear it was Little who first approached the Department seeking a stipulated dismissal, and Little does not allege the Department did or said anything to conceal information or mislead her about the applicable timelines. Instead, Little asserts that when she asked the Department to consent to her dismissing her own suit, the Department needed to tell her that the limitations period would bar her from refiling. Little identifies no "settled law" establishing that a defendant's failure to advise a represented plaintiff about her own legal rights constitutes intentional misconduct sufficient to invoke equitable estoppel. *Walker*, 934 F.3d at 378 (quotation

4

marks removed).

Little also argues that equitable estoppel should apply because she and the Department entered "a valid, implied tolling agreement." Little Br. 17. That argument is both forfeited and unpersuasive. Little cites no authority for her claim that the Department's agreement to a dismissal without prejudice was enough to create a contractual "waiver of any time-based affirmative defense," Little Br. 19, and she identifies no words or actions by the Department that communicated an intent to waive the limitations period.

We turn now to the argument Little did preserve—that the 90-day limitations period should be equitably tolled. Because this is an appeal from the grant of a motion to dismiss, we review the district court's decision de novo. See *Cruz v. Maypa*, 773 F.3d 138, 143 (4th Cir. 2014). We are unpersuaded by Little's arguments.

Equitable tolling applies "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quotation marks removed). "[T]o be entitled to equitable tolling," the party seeking it must show "(1) extraordinary circumstances, (2) beyond [her] control or external to [her] own conduct, (3) that prevented [her] from filing on time." *Id.*

Little's medical issues—which she describes as "sensorineural hearing loss in her right ear" that "affected [her] cognitive functioning" (JA 40)—fall short of what this Court has deemed sufficient to warrant equitable tolling. In *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004), for example, this Court said a plaintiff's "schizoaffective disorder and

5

generalized anxiety disorder" did not warrant tolling. *Id.* at 513. The Court emphasized that equitable tolling applies "only in cases of profound mental incapacity," like the sort resulting in "institutionalization or adjudged mental incompetence." *Id.* (quotation marks and citation removed). Although Little's medical issues would no doubt have been a burden on her litigation efforts, they do not rise to that level.

That leaves only Little's contention that it was the Department's "misconduct" in misleading her that was "extraordinary and outside [her] control." Little Br. 30. But this again misunderstands the Department's obligations as an adverse party. The Department did not induce (or even invite) Little to dismiss her first suit. In fact, when Little approached the Department seeking a stipulation of dismissal, the Department gave her an incentive not to by insisting she pay its mediation fees. Although Little cites the request for payment as an example of the Department's bad faith in a general sense, it is hard to see how the Department's act of making Little's decision to dismiss more costly somehow encouraged her to dismiss her original suit. Finally, the Department's failure to be "forthcoming with its intent" to later raise the 90-day limitations period as a defense (Little Br. 30) is not an "extraordinary" circumstance given that the Department was an adverse party and Little was represented by counsel.[*]

In sum, we see no reversible error. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and

---

[*] To the contrary, Little's failure to consider the limitations period or seek a waiver from the Department is no more than a "garden variety claim of excusable neglect" that is insufficient to establish equitable tolling. *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257–58 (2016).

6

argument would not aid the decisional process. The district court's judgment is

*AFFIRMED*.