**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1182**

_____

MARQUIS LAMONT HARRIS,

Plaintiff - Appellant,

v.

DEPARTMENT OF THE ARMY UNITED STATES CLAIMS SERVICE,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.
Jacquelyn Denise Austin, District Judge.  (4:24-cv-00578-JDA)

_____

Submitted:  September 24, 2025                    Decided:  November 14, 2025

_____

Before WILKINSON, HEYTENS, and BENJAMIN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Marquis Lamont Harris, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquis Lamont Harris appeals the district court's order accepting the recommendation of the magistrate judge and dismissing sua sponte for failure to state a claim Harris's complaint filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, against the Department of the Army United States Claims Service. Harris alleged that his stepfather, a United States Army servicemember, raped and abused him in the 1980s and early 1990s, and he raised constitutional claims under the First Amendment, Ninth Amendment, and Supremacy Clause for the denial of his administrative claim. The district court found that, even if Harris had properly named the United States as a defendant, the two-year statute of limitations in 28 U.S.C. § 2401(b) barred his FTCA claims and that Harris's ignorance of the FTCA did not warrant equitable tolling. The court also rejected Harris's remaining claims. We affirm in part, vacate in part, and remand for further proceedings.

We review a district court's dismissal for failure to state a clam de novo, "accept[ing] as true the factual allegations set forth in the complaint." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 71 (4th Cir. 2016). We have reviewed the record and find no reversible error in the district court's disposition of Harris's constitutional claims and claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 (1971). We therefore affirm these portions of the district court's order.

Turning to whether Harris sufficiently alleged circumstances warranting equitable tolling of the limitations period applicable to his FTCA claims, we conclude that further factfinding is necessary. In his objections to the magistrate judge's report, Harris reiterated

2

the grounds for equitable tolling presented in his complaint and provided more detail in support of those arguments. Specifically, he asserted that he suffered from certain mental conditions since childhood, that he had a history of numerous inpatient psychiatric hospitalizations, and that the Social Security Administration found him to be disabled based on his mental condition during the relevant time period, which could qualify as exceptional circumstances sufficient to toll the two-year statute of limitations. *See United States v. Sosa*, 364 F.3d 507, 512-13 (4th Cir. 2004) (discussing equitable tolling generally and allegations of mental health conditions). The district court did not address whether those allegations would qualify as exceptional circumstances and toll the limitations period. Thus, we vacate this portion of the district court's order and remand for further proceedings on whether Harris is entitled to equitable tolling on these grounds.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

3