**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2047**

RENNAE ELIZABETH OTT,

Plaintiff - Appellant,

v.

MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL
SERVICES,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Richard D. Bennett, District Judge.  (1:16-cv-03394-RDB)

Argued:  September 27, 2018                    Decided:  November 28, 2018

Before AGEE and FLOYD, Circuit Judges, and John A. GIBNEY, Jr., United States
District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by published opinion.  Judge Gibney wrote the opinion, in which Judge Agee
and Judge Floyd joined.

**ARGUED:**  Robin Ringgold Cockey, COCKEY, BRENNAN & MALONEY, PC,
Salisbury, Maryland, for Appellant.  Lisa O'Mara Arnquist, OFFICE OF THE
ATTORNEY GENERAL OF MARYLAND, Towson, Maryland, for Appellee.  **ON
BRIEF:**  Ashley A. Bosché, COCKEY, BRENNAN & MALONEY, PC, Salisbury,
Maryland, for Appellant.  Brian E. Frosh, Attorney General, OFFICE OF THE
ATTORNEY GENERAL OF MARYLAND, Towson, Maryland, for Appellee.

GIBNEY, District Judge:

Rennae Elizabeth Ott asks us to determine the statute of limitations for claims she brought against Maryland's Department of Public Safety and Correctional Services ("DPSCS" or "Department") pursuant to the Rehabilitation Act of 1973 ("Rehabilitation Act"). Because the Rehabilitation Act does not contain a limitations period, we borrow the time limit from the most analogous state law claim. In the past, courts have applied Maryland's three-year general limitation for civil cases to claims under the Rehabilitation Act. We, however, have not addressed this question since Maryland amended its Fair Employment Practices Act ("MFEPA") to align more closely with the Rehabilitation Act. We now find that the amended MFEPA qualifies as the most analogous Maryland law to the Rehabilitation Act. The MFEPA's two-year statute of limitations applies and bars Ott's claims.

To avoid this result, Ott invokes the doctrine of equitable tolling. Unfortunately, she does not meet the doctrine's exacting standard, and cannot avoid the bar.

For these reasons, we affirm the district court's dismissal of Ott's Rehabilitation Act claims.

I.

Ott worked for DPSCS as a parole officer. In 2010, she learned that a pediatrician had molested her daughter, causing Ott to develop post-traumatic stress disorder ("PTSD") and severe anxiety. Her difficulties forced her to take medical leave and to transfer to a different location.

2

Ott says that one of her co-workers learned of the molestation and began to harass Ott about her daughter and Ott's mental health.  The harassment continued for a year and took various forms, all ignored by the Department.  Ott's PTSD and anxiety worsened, her performance deteriorated, and DPSCS forced her to resign on March 6, 2014.

While still employed, Ott filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").  Ott's charge proceeded slowly through the EEOC, but eventually the agency found reasonable cause for Ott's claims and referred them to the Department of Justice ("DOJ").  On July 26, 2016, the DOJ issued Ott a right to sue notice.

Ott filed her complaint in this case on October 10, 2016, asserting claims arising under the Americans with Disabilities Act ("ADA") and Rehabilitation Act.[1]  The district court applied the MFEPA's two-year statute of limitations to Ott's Rehabilitation Act claims and refused to toll her time to sue.[2]  The court dismissed her complaint, and this appeal followed.

## II.

We review de novo dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012).  To survive a 12(b)(6) motion, a

---

[1] Ott's ADA claims required administrative exhaustion, 42 U.S.C. § 12117, but her Rehabilitation Act claims did not, 29 U.S.C. § 794(a).  Ott chose to defer filing her Rehabilitation Act claims until the EEOC's administrative process as to her ADA claims concluded.

[2] After Ott conceded that sovereign immunity barred her ADA claims, the district court dismissed them.  This appeal does not concern the ADA claims.

3

complaint must contain enough facts "'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A court may dismiss a complaint on statute of limitations grounds "if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

While we typically review a district court's equitable tolling decision for abuse of discretion, we review de novo when the court denied equitable tolling as a matter of law. *Cruz v. Maypa*, 773 F.3d 138, 143 (4th Cir. 2014). In this case, the district court's decision turned on a question of law—whether undisputed facts excused Ott's failure to bring a timely claim—so we review the tolling decision de novo. *See id.*

A.

Ott argues that Maryland's general three-year statute of limitations governing civil actions applies to her Rehabilitation Act claims. When a federal statute, like the Rehabilitation Act, does not set forth a statute of limitations, federal courts "borrow the state statute of limitations that applies to the most analogous state-law claim." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017). Federal district courts should borrow the limitations period from the state in which the district court sits, *Almond v. Kent*, 459 F.2d 200, 203 (4th Cir. 1972), as long as doing so "is not inconsistent with federal law or policy." *McCullough v. Branch Banking & Tr. Co.*, 35 F.3d 127, 129 (4th Cir. 1994) (quoting *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985)).

4

Here, we must determine which Maryland statute is most analogous to Ott's Rehabilitation Act claims. The state statute "need not be identical" to the Rehabilitation Act, but it must provide essentially "the same rights and remedies." *Semenova*, 845 F.3d at 567 (quoting *Wolsky v. Med. Coll. of Hampton Rds.*, 1 F.3d 222, 224–25 (4th Cir. 1993)). We consider whether the state law prohibits the same type of discrimination as the federal law, tracks the federal law's language, and requires the state to promulgate regulations consistent with the federal law. *Id.*

The Rehabilitation Act protects against and provides redress for employment discrimination based on disability. *McCullough*, 35 F.3d at 130. Although we have not reviewed the revised MFEPA to determine whether it provides the statute of limitations for Rehabilitation Act cases, we have considered similar statutes in Virginia and North Carolina. The Virginia Rights of Persons with Disabilities Act ("Virginia Act") prohibits disability discrimination in programs receiving state funding, so we found it "almost identical to the Rehabilitation Act." *Wolsky*, 1 F.3d at 224. Virginia "seemingly intended its legislation to track the federal [Rehabilitation] Act and provide its citizens with the same rights and remedies." *Id.*

Similarly, we deemed the North Carolina Persons With Disabilities Protection Act[3] ("North Carolina Act") analogous to the Rehabilitation Act. *McCullough*, 35 F.3d at 130. Like the Rehabilitation Act, the North Carolina Act protects a "very specific group of

_____

[3] After we issued *McCullough*, the legislature changed the law's name from the "North Carolina Handicapped Persons Act."

persons" from employment discrimination. *Id.* at 132. We found that the North Carolina legislature intended the Act "as a state counterpart to the Rehabilitation Act." *Id.* at 130.

Finding the state laws analogous to the Rehabilitation Act, we elected to apply their limitations periods instead of the states' general personal injury time limits. *McCullough*, 35 F.3d at 130; *Wolsky*, 1 F.3d at 224.

In contrast, in the past, Maryland had no analogue to the Rehabilitation Act, so we applied Maryland's general civil three-year statute of limitations to Rehabilitation Act claims. *Jeandron v. Bd. of Regents*, 510 F. App'x 223, 226 (4th Cir. 2013) (unpublished table decision). Amendments to the MFEPA, however, now make it an appropriate analogous statute to provide the statute of limitations for Rehabilitation Act claims.[4]

We start with an enactment in 2007. At that time, the Maryland legislature added to the MFEPA a private right of action for employment discrimination based on disability. H.B. 1034, 2006 Leg., 421st Sess. (Md. 2006) (codified as amended at Md. Code Ann., State Gov't § 20-1013). Then, in 2009, the legislature expanded rights for persons with disabilities by adding provisions to the MFEPA that mirror the ADA. The revised law expands the definition of "disability," requires reasonable workplace accommodations for disabilities, and prohibits employers from retaliating against employees for opposing discriminatory conduct. H.B. 393, 2009 Leg., 426th Sess. (Md. 2009) (codified at State

---

[4] Although our unpublished decision in *Jeandron* came after the amendments to the MFEPA, that case concerned events that occurred before Maryland expanded the MFEPA. *Id*. at 224–25.

Gov't §§ 20-601(b)(1), 20-606(a)(4), (f).  The MFEPA allows a complainant to bring a civil action alleging an unlawful employment practice within two years after the alleged practice occurred.[5]  State Gov't § 20-1013(a)(3).

Recently, we examined the MFEPA amendments in an ADA case involving a commuter bus.[6]  *Semenova*, 845 F.3d at 566.  We decided that the MFEPA was not analogous to the ADA in that context because the MFEPA amendments did not expand rights for individuals who suffered disability discrimination in public services.  *Id.* at 567–68.  We noted, however, that the amended MFEPA created a cause of action for disability discrimination in the employment context.  *Id.* at 568.

Unlike the plaintiff in *Semenova*, Ott alleges employment disability discrimination under the Rehabilitation Act.  The MFEPA, as amended in 2007 and 2009, provides a right of action for the employment practices Ott cites in her complaint, including retaliation and failure to accommodate.  *See* State Gov't § 20-1013.  Like the North Carolina and Virginia Acts, the revised MFEPA and the Rehabilitation Act "redress discrimination against the same very specific group of persons," *McCullough*, 35 F.3d at 132, and provide "the same rights and remedies," *Wolsky*, 1 F.3d at 224.  Any minor differences between the two laws do not "magically tip the balance of similarities" against applying the MFEPA.

---

[5] Maryland courts characterize the two-year requirement as a statute of limitations, not a condition precedent, as Ott argues. *E.g.*, *Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 110 (D. Md. 2013); *A.C. v. Md. Comm'n on Civil Rights*, 158 A.3d 1140, 1147 (Md. 2017).

[6] Because the Rehabilitation Act and the ADA lack statutes of limitations and have "substantially similar language," we apply the same borrowing analysis to both. *Semenova*, 845 F.3d at 567.

*McCullough*, 35 F.3d at 132.  Finally, we see no reason why using the two-year period, which exceeds the 180-day period we applied in North Carolina and the one-year period we applied in Virginia, would not comport with federal law or policy.  *See id.* at 131; *Wolsky*, 1 F.3d at 224.

The MFEPA, therefore, is the most analogous Maryland cause of action to Ott's Rehabilitation Act claims, and its two-year statute of limitations governs her case.  Ott's allegations of wrongful conduct end with her resignation on March 6, 2014.  She filed her complaint on October 10, 2016, outside the two-year period.  Accordingly, the district court properly dismissed Ott's Rehabilitation Act claims as time-barred.

B.

Ott further argues that if a two-year statute of limitations governs her claims, we should apply equitable tolling to save them from dismissal.  The discretionary equitable tolling doctrine applies when (1) a defendant wrongfully prevents a plaintiff from asserting her claims, or (2) extraordinary circumstances beyond the plaintiff's control prevent her from filing on time.  *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  We apply the doctrine infrequently, so that "individualized hardship" and "subjective notions of fair accommodation" do not "supplant the rules of clearly drafted statutes."  *Id.*  In other words, equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Id.*

8

This is not one of those cases. Ott claims that she did not, and could not, know that the MFEPA would supply the statute of limitations for her claims. As we have explained, the 2007 and 2009 amendments brought the MFEPA squarely within the realm of *Wolsky* and *McCullough*. In any event, a party's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to [her] control." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Ignorance of the law does not justify tolling, even when a party does not have legal representation. *Id.* Similarly, an attorney's mistake in interpreting a statute does not amount to an extraordinary circumstance.[7] *Harris*, 209 F.3d at 330.

Ott further argues that DPSCS caused the delay by withholding its sovereign immunity defense to her ADA claims during the administrative process. Believing DPSCS would consent to suit, Ott waited for a right to sue letter. Under these circumstances, we do not find it "unconscionable to enforce the limitation period." *Harris*, 209 F.3d at 330. Ott could have timely filed her Rehabilitation Act claims without completing the administrative process as to her ADA claims; the Rehabilitation Act does not require exhaustion of administrative remedies prior to filing suit.

In sum, Ott fails to meet the high bar for equitable tolling. The district court did not err by declining to apply equitable tolling to her case.

---

[7] Ott also alleges that her PTSD and anxiety prevented her from timely filing. To invoke tolling on these grounds, she must show that she suffered from a "profound mental incapacity." *Sosa*, 364 F.3d at 513. She has not made this showing. *See id.*

III.

Although we find the facts in this case disturbing and sympathize with Ott's circumstances, the district court correctly dismissed her Rehabilitation Act claims. We affirm the district court's application of the MFEPA's two-year statute of limitations and its denial of equitable tolling.

*AFFIRMED*