**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7058**

MAECHEL SHAWN PATTERSON,

Plaintiff - Appellant,

v.

GEORGE SOLOMON, Director of Prisons; STEVEN D. DERZEN, Classification
Coordinator for N.C.D.P.S.; LORI WISHART, Superintendent of Programs/Victim
Rights Coordinator; LT. TURNER,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at
Raleigh. Louise W. Flanagan, District Judge. (5:17-ct-03167-FL)

Submitted: January 31, 2019                     Decided: March 14, 2019

Before WILKINSON, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Maechel Shawn Patterson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maechel Shawn Patterson appeals the district court's order denying his Fed. R. Civ. P. 59(e) motion, which sought to vacate the district court's judgment dismissing his 42 U.S.C. § 1983 (2012) action and to obtain leave to amend his complaint. We review for abuse of discretion a district court's denial of a postjudgment motion for leave to amend. *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 291 (4th Cir.), *cert. denied*, 139 S. Ct. 607 (2018). A conclusion that the district court abused its discretion in denying a motion to amend . . . is sufficient grounds on which to reverse the district court's denial of a Rule 59(e) motion." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). Thus, we "evaluate a postjudgment motion to amend the complaint under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (internal quotation marks omitted). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Id.*; *see Ott v. Md. Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 658 (4th Cir. 2018) (discussing requirements to state claim for relief under Fed. R. Civ. P. 12(b)(6)).

Initially, Patterson relies on *Wagenknecht v. United States*, 533 F.3d 412 (6th Cir. 2008), to argue that the district court should not have denied leave to amend sua sponte. However, unlike the appellant in *Wagenknecht*, Patterson filed his complaint in forma pauperis. Dismissal of an in forma pauperis complaint is required at any time the district

court determines that a complaint is frivolous or fails to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2) (2012).

Turning to the merits of Patterson's proposed amendment, we have thoroughly reviewed the record and discern no reversible error in the district court's conclusion that amendment would have been futile, as Patterson's proposed claim failed to state a claim for relief. Accordingly, we affirm substantially for the reasons stated by the district court. *See Patterson v. Solomon*, No. 5:17-ct-03167-FL (E.D.N.C. Aug. 15, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*