**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2296**

PAMELA J. SMITH,

       Plaintiff - Appellant,

    v.

UNIVERSITY OF MARYLAND BALTIMORE; JOHN JENSEN, Individual Capacity; GLOSENDA NAVALES, Individual Capacity,

       Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:17-cv-03664-CCB)

Submitted: April 25, 2019                Decided: April 30, 2019

Before GREGORY, Chief Judge, and AGEE and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel E. Kenney, DK ASSOCIATES, LLC, Chevy Chase, Maryland, for Appellant. Brian E. Frosh, Attorney General, Matthew P. Reinhart, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pamela J. Smith appeals the district court's order granting Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss her employment discrimination action as untimely. On appeal, the parties dispute the proper date of accrual for Smith's claims brought under 42 U.S.C. § 1981 (2012). For the reasons that follow, we affirm.

We review an order granting a Rule 12(b)(6) motion de novo. *Ott v. Md. Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 658 (4th Cir. 2018). "A court may dismiss a complaint on statute of limitations grounds if the time bar is apparent on the face of the complaint." *Id.* (internal quotation marks omitted).

Postcontract employment discrimination claims under § 1981 are subject to a four-year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004). In determining a § 1981 claim's date of accrual, "the proper focus is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (per curiam) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)); *see Green v. Brennan*, 136 S. Ct. 1769, 1782 (2016). Thus, a discriminatory discharge claim accrues when the employee receives notice of the termination, not on the last day of employment. *See Chardon*, 454 U.S. at 7-8.

Here, Smith commenced this action four years and one month after receiving her termination notice. Although Smith urges us to use her discharge date as the date her § 1981 claims accrued—thus making her action timely—we discern no basis for departing from the rule established in *Ricks* and *Chardon*. Thus, because Smith filed her

2

complaint more than four years after learning of her impending termination, we conclude that her action was untimely.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*