**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6421

ALBERT CURTIS MILLS,

　　　　　　Plaintiff – Appellant,

　　　v.

GOVERNOR LAWRENCE J. HOGAN; STEPHEN T. MOYER, Former Secretary; SECRETARY ROBERT L. GREEN; COMMISSIONER O. WAYNE HILL; EXECUTIVE DIRECTOR RUSSELL A. NEVERDON; DIRECTOR F. TODD TAYLOR, JR.; DEPUTY DIRECTOR ROBIN WOODFORD; JOHN DOE, Commissioner; ASSISTANT COMMISSIONER FRANK B. BISHOP, JR.; WARDEN JEFF NINES; LIEUTENANT THOMAS SAWYER; OFFICER THOMAS DORCON; OFFICER JUSTIN SHORT,

　　　　　　Defendants – Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge. (1:20-cv-03767-LKG)

Submitted: October 24, 2022                     Decided: December 29, 2022

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Albert Curtis Mills, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Curtis Mills appeals from the district court's order dismissing his complaint as time barred.  On appeal, Mills asserts that he was entitled to equitable tolling and that the district court applied the wrong statute of limitations. We affirm.

Mills' complaint raised claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA").  The district court applied a three-year statute of limitations to each claim.  Mills first asserts that his ADA claim has a four-year statute of limitations.[*]

In 2004, the Supreme Court held that the four-year statute of limitations in 28 U.S.C. § 1658 applies to claims "made possible by a post-1990 enactment" as well as claims made possible by a post-1990 amendment to an existing statute.  *See Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 381-82 (2004) (noting that "[a]ltering statutory definitions, or adding new definitions of terms previously undefined, is a common way of amending statutes") (citation and internal quotations omitted).  The ADA was amended effective January 1, 2009, to "carry out the ADA's objectives" by "reinstating a broad scope of protection."  ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008). Thus, where the plaintiff's claim rests on these amendments, the four-year, § 1658 statute of limitations applies.  *See, e.g., Mercado v. Puerto Rico*, 814 F.3d 581, 587 (1st Cir. 2016).

---

[*]  We note that the district court erred in determining that a three-year limitations period applied to Mills' RA claim.  We have held that, for RA claims arising in Maryland, a two-year statute of limitations applies.  *Ott v. Md. Dep't of Pub. Safety and Corr. Servs.*, 909 F.3d 655, 660 (4th Cir. 2018).  However, the court's error does not change the outcome of the case as Mills' RA claim was untimely under either a two- or three-year statute.

However, in order for the longer statute of limitations in § 1658 to apply in this case, Mills bears the burden of showing that the 2008 "amendments made his claim possible." *Castelino v. Rose-Hulman Institute of Tech.*, 999 F.3d 1031, 1037-38 (7th Cir. 2021). Mills has not attempted to meet this burden and does not connect his claim to the 2008 amendments in any way. Thus, the three-year analogous state statute of limitations applied to Mills' ADA claim. *See Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 568 (4th Cir. 2017).

Next, Mills asserts that equitable tolling should have rendered his complaint timely. The district court tolled the limitations period for the time that Mills was exhausting the prison grievance process, but Mills asserted in district court that the court utilized the incorrect end date for the tolling period. However, even applying the date proffered by Mills, his complaint was still untimely filed more than three years after his claims accrued.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3